**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEREK TODD, | No. 13-16366 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00657-JAM-CKD |
| v. | |
| TRILLA BAHRKE, California Commissioner, ALAN PINESCHI, California Judge; et al., ELIZABETH ANDERSON, BAR#: 161503, SPENCER SHORT, BAR#: 264419; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 13, 2015**

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Derek Todd appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging federal and state law violations arising out of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

custody proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under

28 U.S.C. § 1915(e)(2)(B)(ii)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)

(dismissal under the *Rooker-Feldman* doctrine).  We affirm.

The district court properly dismissed Todd's action as barred by the

*Rooker-Feldman* doctrine because the action is a "forbidden de facto appeal" of the

state court's orders regarding custody and visitation and raises claims that are

"inextricably intertwined" with those orders.  *See Cooper v. Ramos*, 704 F.3d 772,

779 (9th Cir. 2012) (explaining when claims are inextricably intertwined);

*Carmona v. Carmona*, 603 F.3d 1041, 1050-51 (9th Cir. 2010) (*Rooker-Feldman*

doctrine barred plaintiff's claims seeking to enjoin state family court orders); *see*

*also Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a

federal question is presented, federal courts decline to hear disputes which would

deeply involve them in adjudicating domestic matters.").

The district court did not abuse its discretion by dismissing Todd's action

without leave to amend because Todd cannot correct the defects in his complaint.

*See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth

standard of review and explaining that leave to amend should be given unless the

deficiencies in the complaint cannot be cured by amendment).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Todd's pending motions for judicial notice are denied as unnecessary.

**AFFIRMED.**